

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00350-CR

DANIEL LEE HELSLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 25,538-C, Honorable Ana Estevez, Presiding

October 19, 2016

## ORDER ON ABATEMENT

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Daniel Lee Helsley, appellant, filed an appeal from his conviction for sexual assault of a child on September 23, 2015. The clerk's record was filed on December 29, 2015 and the reporter's record, after obtaining an extension, was filed on February 1, 2016. Appellant's brief was then due on March 2, 2016. However, on March 7, 2016, appellant filed for an extension to file his brief which was granted to April 1, 2016. No brief was filed on that date and a letter dated April 8, 2016 was sent by the court notifying appellant of this matter and giving him until April 18 to correct same. No

contact was made with the court by that date and the appeal was abated back to the trial court to determine: 1) whether appellant desired to prosecute the appeal; 2) whether appellant was indigent; 3) why a timely appellate brief had not been filed on behalf of appellant; 4) whether appellant had been denied the effective assistance of counsel due to counsel's failure to timely file an appellate brief; 5) whether new counsel should be appointed; and 6) if appellant desired to continue the appeal, the date the court may expect appellant's brief to be filed. The hearing on the above referenced questions was to be held by May 31, 2016.

On May 31, 2016, the court received a second extension motion and an *Anders* brief filed by appellant's attorney, Darrell R. Carey. In the second extension motion, he stated that "[a]ppellant needs additional time to file his brief in that there are complex legal issues that must be thoroughly examined, researched, and finally presented in a brief for . . . [the] Court." Apparently, the "complex legal issues" could be summed up in an *Anders* brief.

Subsequently, this court discovered that the appellate record did not contain "State's Exhibit No. 7 – CD" which was admitted at trial. We inquired several times of Carey whether the exhibit had been reviewed by him and provided to appellant. However, Carey opted not to respond to us. So, on August 23, 2016, the court notified Carey that his *Anders* brief and motion to withdraw was struck due to his failure to comply with the rules applicable to filing such a document. We also ordered him to "file an appellant's brief conforming to the Texas Rules of Appellate Procedure or an *Anders* brief conforming to the requirement of *Anders* . . . on or before September 2, 2016." He was told that [s]hould the latter be pursued once again, then appellant's counsel is

2

ordered to review the entire appellate record, including all exhibits admitted at trial, before determining whether he can assert an arguable issue for review on behalf of his client."

As before, we heard nothing from Carey. He filed neither a brief nor any other communication with the court. So, we abated the appeal to the trial court for a second time and directed it to determine, among other things, whether Carey denied his client the effective assistance of counsel. The trial court held a telephonic hearing wherein counsel explained he had not understood our previous directive. We make no comment on whether this representation to the trial court was true or false, but we do observe that we know of no effort on his part to contact this court to clarify any supposed confusion. Carey also represented to the trial court in the telephonic hearing that he could file his brief by Friday, October 14, 2016. That date passed, and we received neither a brief nor any other communication from Carey.

This appeal has now been pending for over a year. It has been abated back to the trial court twice due to Carey's inability to file an appellant's brief complying with the rules of appellate procedure or the rules applicable to an *Ander's* brief. Therefore, we find as a matter of law that Darrell R. Carey, S.B.N. 03791700, has rendered appellant ineffective assistance of counsel. Accordingly, we 1) modify our previous order striking the motion to withdraw filed by Carey in support of his original *Ander's* brief, 2) reinstate only the motion to withdraw, and 3) grant the motion to withdraw due to Carey's failure to provide appellant effective assistance of counsel. We further abate the appeal to the trial court and order it to appoint appellant new counsel to prosecute this appeal on or before October 29, 2016. The trial court shall cause a supplemental record to be filed

3

with the clerk of this court on or before October 28, 2016, which record shall contain the name, address, and phone number of the newly appointed counsel.  Pertinent briefing deadlines will be set once new counsel is appointed.

Finally, the clerk of this court is directed to forward this order to the State Bar of Texas.  Though we are not prone to initiating grievance proceedings against legal counsel, the exceptional circumstances encountered here merit the potential consideration of discipline by that entity.

It is so ordered.

Per Curiam

Do not publish.